# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBIN WOODMANSEE-WEWE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 16-1093 |
| | § | |
| DANIEL FRAINEY and JAMES | § | |
| RIVER INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | N/A | Docket Sheet |
| A-2 | 08/19/2016 | Plaintiff's Original Petition & Request for Discovery |
| A-3 | 08/19/2016 | Civil Case Information Sheet and E-Filing Information Sheet |
| A-4 | 08/22/2016 | Bill of Cost for Court Costs |
| A-5 | 08/25/2016 | File copy of Citation – James River |
| A-6 | 09/01/2016 | File copy of Citation – Daniel Frainey |
| A-7 | 09/06/2016 | Invoice for Unpaid Court Costs |
| A-8 | 09/08/2016 | Defendant's Original Answer |
| A-9 | 09/15/2016 | Defendant's Answer to Plaintiff's Original Petition |
| A-10 | 09/23/2016 | Defendant Daniel Frainey's Consent to Remove |

INDEX OF DOCUMENTS FILED IN STATE COURT -                           EXHIBIT A

# Exhibit A-1

Travis County - AARO - Details

☀ (https://www.traviscountytx.gov)

## District Clerk - AARO - Attorney Access to Records Online

# Details

**Updated : Tuesday, September 20, 2016 5:09:04 AM**

| | |
|---|---|
| **Cause Number** | D-1-GN-16-003892 |
| **Style** | WOODMANSEE WEWE V FRAINEY |
| **Filed Date** | 8/19/2016 |
| **Court** | 126 |
| **Type** | PERSONAL INJURY VEHICLE (GEN LIT ) |
| **Case Status** | PENDING |
| **Action/Offense** | |
| **Hearing Date** | |

Request Documents (/aaro/Content/record_search

New Search (/aaro/)

| Attorney | Type | Party - Full/Business | Party - Person |
|---|---|---|---|
| OUBRE DAVID A | DEFENDANT | | FRAINEY , DANIEL |
| CARLTON W EDWARD | DEFENDANT | JAMES RIVER INSURANCE COMPANY | |
| WINSLETT GREG K | DEFENDANT | JAMES RIVER INSURANCE COMPANY | |
| SOLOMON NEIL PATRICK | PLAINTIFF | | WOODMANSEE WEWE , ROBIN |

| Date | Court | Party | Description | Category | Pages | |
|---|---|---|---|---|---|---|
| 9/15/2016 | 126 | DF | ORIGINAL ANSWER | ANS-RESP | 2 | Download (/aaro/Default/GetPdf?barCodeId=4794157) |
| 9/8/2016 | 126 | DF | ORIGINAL ANSWER | ANS-RESP | 4 | Download (/aaro/Default/GetPdf?barCodeId=4782813) |
| 9/6/2016 | 126 | PL | MSF:2ND NTC INVOICE UNPD COSTS | FINANCIAL FORMS | 1 | Download (/aaro/Default/GetPdf?barCodeId=4776979) |
| 9/1/2016 | 126 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=4769977) |
| 8/25/2016 | 126 | DF | EXECUTED SERVICE | SRVPROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=4755814) |
| 8/22/2016 | 126 | DF | ISS:CITATION SEC ST-INS-HWY | ISSUANCE | 0 | PDF not available |
| 8/22/2016 | 126 | DF | ISS:CITATION SEC ST-INS-HWY | ISSUANCE | 0 | PDF not available |
| 8/22/2016 | 126 | PL | MSF:BILL OF COST CRT COST/FINE | FINANCIAL FORMS | 1 | Download (/aaro/Default/GetPdf?barCodeId=4747333) |
| 8/19/2016 | 126 | PL | ORIGINAL PETITION/APPLICATION | PET-PL | 52 | Download (/aaro/Default/GetPdf?barCodeId=4746346) |

Request Documents (/aaro/Content/record_search_fillable.pdf)

New Search (/aaro/)

© 2016 Travis County, Texas - All rights reserved.

# Exhibit A-2

8/19/2016 2:11:20 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-003892
victoria benavides

**D-1-GN-16-003892**

CAUSE NO. _____

| | | |
|---|---|---|
| ROBIN WOODMANSEE-WEWE, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **126TH** _____ JUDICIAL DISTRICT |
| | § | |
| DANIEL FRAINEY and JAMES RIVER | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| **Defendants.** | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY

Plaintiff Robin Woodmansee-Wewe ("Plaintiff"), by and through undersigned counsel, comes before this Court to assert the following factual allegations and causes of action against Defendant Daniel Frainey ("Defendant Frainey") and Defendant James River Insurance Company ("Defendant James River") (collectively referred to herein as "Defendants").

### I.   DISCOVERY

1.   Plaintiff pleads that discovery in this matter shall be conducted pursuant to TEX. R. CIV. P. 190.4 (Level III).

### II.   PARTIES

2.   Plaintiff is a natural person and resident of DeWitt County, Texas.  The last three digits of Plaintiff's driver's license and Social Security Number are 306 and 629, respectively.

3.   Defendant James River is a foreign insurance company formed under the laws of the State of Virginia.  Defendant James River's mailing address is P.O. Box 27648, Richmond, Virginia 23261-7648.  Defendant James River may be served with process thorough the Texas Commissioner of Insurance, located at 333 Guadalupe Street, Austin, Texas 78701.

4.   Defendant Frainey is a natural person and resident of Will County, Illinois. Pursuant to TEX. CIV. PRAC. & REM. CODE § 17.062 (Texas Long-Arm Jurisdiction Over Nonresident

PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
**Page 1 of 9**

1

Motor Vehicle Operator Statute), Defendant may be served by serving a copy of the citation and petition upon the Chairman of the Texas Transportation Commission, Tryon D. Lewis, located at 125 East 11th Street, Austin, Texas 78701, who will, in turn, forward a copy of the citation and petition to Defendant at his residence located at, 21358 Brown Dr., Frankfort, Illinois, 60423, via registered mail or certified mail, return receipt requested.

### III.    MISNOMER/ALTER EGO

5.    In the event any parties are misnamed or are not included herein, Plaintiff contends that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

### IV.    JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this lawsuit. Plaintiff's claims involve Texas statutory and common law. The amount in controversy is within this Court's jurisdictional limit.

7.    This Court has personal jurisdiction over the parties. All the parties are either individuals or corporate residents of the State of Texas, have sufficient minimum contacts with the State of Texas, and/or have purposefully availed themselves of the laws and markets of the State of Texas so as to not offend traditional notions of fair play and substantial justice.

8.    This Court is the proper venue to hear this lawsuit pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a) because the events giving rise to this lawsuit occurred in Travis County, Texas.

9.    Pursuant to TEX. R. CIV. P. 47, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. Plaintiff's counsel offers this statement for informational purposes only as required by TEX. R. CIV. P. 47 and reserves the right to change or amend it as the

**PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY**
*Robin Woodhansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 2 of 9

evidence deems necessary. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks prejudgment and post-judgment interest at the highest legal rate.

## V.    FACTS

10.    On or about January 1, 2016, Plaintiff was traveling southbound on Red River Street in Austin, Texas. Plaintiff was traveling in a reasonable and prudent manner and was exercising ordinary care for her safety all times relevant herein. As Plaintiff lawfully proceeded through the intersection at Red River Street and East 32nd Street, Defendant Frainey ran the flashing red light and caused a collision with Plaintiff.

11.    Uber is a transportation network company that maintains a mobile app, which allows consumers with smartphones to submit a trip request. Uber connects an Uber driver with the consumers who make trip requests. On January 1, 2016, Uber maintained an insurance policy with Defendant James River for its drivers.

12.    On January 1, 2016, Plaintiff was working in the course and scope of her employment with Uber as a driver.

13.    Defendants' negligence and negligence *per se* were proximate causes of the collision.

14.    The damages Plaintiff sustained were proximately caused by the statutory and common law negligence of Defendants.

15.    Plaintiff had underinsured motorist coverage through Defendant James River at the time of the collision.

## VI.    COUNT 1 – NEGLIGENCE OF DEFENDANT FRAINEY

16.    Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

**PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY**
*Robin Woodhansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 3 of 9

3

17.   Defendant Frainey owed duties of ordinary care to Plaintiff and other motorists on the roadway.  Defendant Frainey's conduct as outlined above breached those duties through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein:

      a.   driving while intoxicated;

      b.   maintaining an unsafe distance from other vehicles;

      c.   keeping an improper lookout;

      d.   ignoring a traffic signal;

      e.   travelling at an unreasonable speed given the circumstances;

      f.   making an untimely and improper application of his brakes;

      g.   exhibiting inadequate driver attention;

      h.   driving distracted;

      i.   taking improper evasive actions to avoid the collision;

      j.   choosing to violate safety rules; and

      k.   driving in a reckless manner.

18.   As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

**VII.   COUNT 2 – NEGLIGENCE *PER SE* OF DEFENDANT FRAINEY**

19.   Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

20.   Defendant Frainey's conduct as outlined above constitutes negligence *per se*.

21.   TEX. TRANSP. CODE § 244.004(a) requires drivers to comply with a traffic-control device.

PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY
*Robin Woodhansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 4 of 9

4

22.    TEX. TRANS. CODE § 545.062(a) requires an operator of a motor vehicle to maintain a safe distance between his and other vehicles; and

23.    TEX. TRANS. CODE § 545.401, by driving his vehicle with willful and wanton disregard for the safety of others; and

24.    Plaintiff, as a driver on the roadway, is a member of the class of persons the above-referenced statutes were designed to protect. Defendant Frainey violated the above-referenced statutes. Defendant Frainey has no excuse for the violation of the above-referenced statutes. Defendant Frainey's violation of the above-referenced statute proximately caused Plaintiff's injuries. Accordingly, Defendant Frainey is negligent *per se.*

VIII.    **COUNT 3 – GROSS NEGLIGENCE OF DEFENDANT FRAINEY**

25.    Plaintiffs repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

26.    Plaintiff's injuries resulted from Defendant Frainey's gross negligence, which entitles Plaintiff to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a). The wrong done by Defendant Frainey was aggravated by the kind of conduct for which the law allows the imposition of exemplary damages. Defendant Frainey's actions and conduct described above, when viewed objectively from Defendant Frainey's standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant Frainey had actual, subjective awareness of the risk but proceeded anyway with a conscious indifference to the rights, safety, or welfare of others as described above. Therefore, Plaintiff seeks exemplary damages within the jurisdictional limits of the Court.

PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY
*Robin Woodhouse-Wewe v. Daniel Frainey and James River Insurance Company*
Page 5 of 9

5

27.    The collision and the resulting injuries and damages Plaintiff suffered were proximately

caused by the grossly negligent conduct of Defendant Frainey.

28.    PLEADING TO THE COURT ONLY: The exemplary damages recovery limitation should

not apply in this case, as Defendant Frainey committed intoxication assault, which is an

exception to the recovery limitation under Tex. Civ. Prac. & Rem. Code § 41.008(c).

### IX.    COUNT 4 – ACTION FOR BENEFITS UNDER THE POLICY

29.    Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth

herein at length.

30.    Plaintiff has complied with all conditions precedent to bring an action for benefits under

the policy issued to her by Defendant James River, yet Defendant James River chose not

to make any reasonable effort to resolve her claim. In support of this action, Plaintiff would

show that Defendant Frainey was negligent and that Defendant Frainey's negligence was

a producing and proximate cause of Plaintiff's damages.

### X.    COUNT 5 – PETITION FOR DECLARATORY RELIEF
### AGAINST DEFENDANT JAMES RIVER

31.    Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth

herein at length.

32.    Based on the foregoing facts, and pursuant to the policies of insurance in force and effect

between Plaintiff and Defendant James River at the time of the collision, Plaintiff seeks a

declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code § 37, construing the

contract of insurance and declaring Plaintiff's rights and obligations under the contract.

Specifically, Plaintiff seeks a finding that (1) Defendant Frainey is an uninsured or

underinsured motorist, (2) the amount of damages that Plaintiff sustained as a result of the

PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 6 of 9

incident at issue in this suit, and (3) Plaintiff is entitled to recover those damages from Defendant James River.

## XI.    DAMAGES

33.    As a direct and proximate result of the collision making the basis of this lawsuit, Plaintiff suffered and will in all reasonable probability continue to suffer the following actual damages, the dollar value of which exceeds the minimal jurisdictional limits of this Court:

   a.    Medical treatment paid or incurred in the past;

   b.    Medical treatment which will be necessary in the future;

   c.    Past and future pain and suffering;

   d.    Past and future mental anguish;

   e.    Physical disfigurement;

   f.    Past and future impairment;

   g.    Lost wages; and

   h.    Loss of past and future earning capacity;

34.    Plaintiff seeks unliquidated damages and exemplary damages within the jurisdictional limits of this Court.

## XII.    TEX. R. CIV. P. 193.7 NOTICE

35.    Pursuant to TEX. R. CIV. P. 193.7, Plaintiff hereby gives notice of intent to utilize items produced in discovery against the producing party.

## XIII.    DISCOVERY

36.    Pursuant to TEX. R. CIV. P. 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in TEX. R. CIV. P. 194.2.

PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY
*Robin Woodhouse-Wewe v. Daniel Frainey and James River Insurance Company*
Page 7 of 9

37.    Pursuant to TEX. R. CIV. P. 196, Plaintiff requests that Defendants respond to Plaintiff's

Request for Production, attached hereto, within 50 days of the service of this request.

38.    Pursuant to TEX. R. CIV. P. 197, Plaintiff requests that Defendants respond to Plaintiff's

Request for Interrogatories, attached hereto, within 50 days of the service of this request.

39.    Pursuant to TEX. R. CIV. P. 198, Plaintiff requests that Defendants respond to Plaintiff's

Request for Admissions, attached hereto, within 50 days of the service of the request.

## XIV.    PRAYER

WHEREFORE, Plaintiff prays that Defendants be cited according to law to appear and

answer herein, and that upon final trial, Plaintiff have judgment against Defendants as follows:

   a.    Judgment against Defendant for all of Plaintiff's actual damages, both general and
         special as described above;

   b.    Judgment against Defendant for pre-judgment and post-judgment interest at the
         legal rate to the extent allowed under the law until paid;

   c.    Judgment against Defendant for costs of court as authorized by TEX. R. CIV. P. 131;

   d.    An award of exemplary damages in a sum determined by the trier of fact for the
         Plaintiff's above-mentioned claims; and

   e.    All other just and lawful relief in law and in equity, general and specific, to which
         the Plaintiff may be duly and justly entitled.

PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY
*Robin Woodhousee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 8 of 9

8

Respectfully submitted,

Zinda Law Group, PLLC
8834 North Capital of Texas Highway, Suite 304
Austin, Texas 78759
(512) 246-2224 Office
(512) 369-6961 FAX
Service of Documents: service@hzfirm.com

By: _____

John C. (Jack) Zinda
State Bar No. 24053569
Joseph Caputo
State Bar No. 24078309
S. Burgess Williams
State Bar No. 24072426
Neil Solomon
State Bar No. 24079369
**ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY
*Robin Woodhansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 9 of 9

9

CAUSE NO. _____

| | | |
|---|---|---|
| ROBIN WOODMANSEE-WEWE, | § | IN THE DISTRICT COURT |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| DANIEL FRAINEY and JAMES RIVER | § | |
| INSURANCE COMPANY, | § | |
| | § | |
|     Defendants. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY

TO:    Defendant Daniel Frainey, by and through service with Plaintiff's Original Petition.

      Plaintiff serves this First Request for Production, First Set of Interrogatories, and First Request Admissions, pursuant to Texas Rules of Civil Procedure 196, 197, and 198. Defendant Frainey must respond to each request separately, in writing, fully, and under oath within 50 days after service.

                    Respectfully submitted,

                    Zinda Law Group, PLLC
                    8834 North Capital of Texas Highway, Suite 304
                    Austin, Texas 78759
                    (512) 246-2224 Office
                    (512) 369-6961 FAX
                    Service of Documents: service@hzfirm.com

                    By: _____

                    John C. (Jack) Zinda
                    State Bar No. 24053569
                    Joseph Caputo
                    State Bar No. 24078309
                    S. Burgess Williams
                    State Bar No. 24072426
                    Neil Solomon
                    State Bar No. 24079369
                    ATTORNEYS FOR PLAINTIFF

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 1 of 20

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was attached to and served upon the Defendant along with Plaintiff's Original Petition.

Neil Solomon

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodhousee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 2 of 20

11

## DEFINITIONS

1.   "Defendant", "you" or "your" means Daniel Frainey his principals, agents, employees, and anyone acting with authority on his behalf.

2.   "Plaintiff" as used herein means Robin Woodmansee-Wewe, her principals, agents, employees, and anyone acting with authority on her behalf.

3.   "Person" as used herein means any natural person, corporation, partnership or other legal entity.

4.   "Communication" means any oral or written communication of which Defendant has knowledge, information, or belief.

5.   "Incident" and/or "Collision" shall refer to the injury-producing event described in Plaintiff's live pleading.

6.   "Date of the Incident" shall refer to the date of the injury producing events described in Plaintiff's live pleading.

7.   "Document" as used herein means any written or graphic matter, however produced or reproduced, and is intended to be comprehensive and include, without limitation, any and all written correspondence, letters, telegrams, agreements, notes, contracts, instructions, financial statements, financial reports, checks, reports, demands, memoranda, data, schedules, shop orders, studies, notices, work papers, recordings, photographs, charts, analysis, indices, data sheets, intra-company communications, notebooks, diaries, schedules, diagrams, forms, manuals, brochures, lists, publications, drafts, minutes, job tickets, accounts, invoices, statements, vouchers, credit memos, bills of lading, calendars, due bills, journals, orders, confirmations, letters of credit, computer programs, computer tapes, computer printouts, and all other written or graphic material of any nature whatsoever, that are in your custody or control or to which you have access, or of which you have knowledge, and further means both the originals and all copies thereof, including those copies with additional marginal notes or other writing or marking thereon, or attachments or insertions thereto.

8.   "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

9.   "Mobile Device" means cellular phone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 3 of 20

12

10.     Whenever in these Interrogatories you are asked to "identify", you are requested:

      (a)     When identifying a person to give such person's full name, business address and residence address, telephone number, and present or last known position, affiliation at the time in question.

      (b)     When identifying a communication to identify the author thereof and the parties thereto or participants therein; give the date of communication; give the place of the communication; state verbatim the contents of the communication; specify whether such communication has been reduced to writing, and, if so, identify such document.

      (c)     When identifying a document to identify the author thereof and the parties thereto; state the title and other identifying matter; state the date of the document or if no date appears thereon state the approximate date; state verbatim the contents thereof and/or attach a copy of such document to your answers; and control of the original and any copies thereof; if such document was, but no longer is in your possession or subject to your control, describe in detail what disposition was made of it.

      (d)     When identifying a corporation or other entity:  identify the name; state the principal place of business; and identify the persons having knowledge of the matters with respect to which the corporation or other entity is named.

11.     "Evidence" or "evidencing" means having a tendency to show, prove or disprove.

## A. CLAIM OF PRIVILEGE

If you claim that any document for which production is requested is privileged, and therefore beyond the scope of discovery, for each such document:

      1.     Identify the document, by specifying the date (or approximate date) of preparation, the nature of its contents, the name of its author, the name and business address of each person having any knowledge of the factual assertions reflected in such document; and

      2.     Specify the precise nature of the privilege claimed.

## B. LOST OR DESTROYED DOCUMENTS

If any document for which production is requested has been lost or destroyed, for each such document, state the circumstances relating to the loss or destruction of such document, the approximate date of loss or destruction, and a reasonably complete description of the contents of said document.

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodhansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 4 of 20

## C. <u>AMENDMENT OR SUPPLEMENTATION OF RESPONSE</u>

If you learn that your response(s) to these requests were incomplete or incorrect when made or that, although it were complete and correct when made, they are no longer complete and correct, you must amend or supplement said response(s) -

1.    To the extent that each request seeks the identification of persons with knowledge of relevant facts, trial witnesses, or expert witnesses, and

2.    To the extent that each request seeks other information, unless the additional or corrective information has been made known to Our Client in writing, on the record at a deposition, or through other discovery responses.

You must make amended or supplemental responses reasonably promptly after you discover the necessity for such response(s).

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 5 of 20

14

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT
DANIEL FRAINEY**

REQUEST FOR PRODUCTION NO. 1:      A copy of Defendant's driver's license(s) (front and back).

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 2:      A copy of the title to the vehicle Defendant was driving at the time of the Collision.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 3:      Any and all photographs, videotapes, or motion pictures of the vehicle Defendant was driving at the time of the Collision, whether made or taken before or following the Collision.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 4:      Any and all photographs, videotapes, or motion pictures of any other vehicle involved in the Collision which was not owned or operated by you, including but not limited to the vehicle occupied by Plaintiff.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 5:      Any and all documents and tangible things, including tangible reports, physical models, compilations of data and other materials, prepared by or furnished to a consulting expert whose opinions or impressions have been reviewed by a testifying expert witness.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 6:      A copy of any document containing any damage appraisal and/or estimate for repairs relevant to the vehicle operated by Defendant following the Collision.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 7:      A copy of any document containing any damage appraisal and/or estimate made to other vehicles not owned or operated by you following the Collision, including, but not limited to, the vehicle Plaintiff occupied at the time.

**RESPONSE:**

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodhouse-Wewe v. Daniel Frainey and James River Insurance Company*
Page 6 of 20

15

REQUEST FOR PRODUCTION NO. 8:    Any and all drawings, maps, or sketches of the scene of the Collision which were made prior to the filing of this lawsuit.  This request does not seek privileged documents.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 9:    Any and all drawings, maps, or sketches of the scene of the Collision, which will be offered into evidence or used in the presentation of evidence at the trial of this matter.  This request does not seek privileged documents.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 10:    Any and all copies of motion pictures, videotapes or photographs which have been made of the Collision scene, taken before or after the events giving rise to this action.

**RESPONSE**

REQUEST FOR PRODUCTION NO. 11:    Any and all photographs, videotapes or motion pictures which Defendant will offer into evidence or use in the presentation of evidence at the trial of this lawsuit.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 12:    A copy of any document or item that reflects the cost of any repairs made to the Defendant's vehicle as a result of the damage sustained in the Collision.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 13:    A copy of any document or item that reflects the cost of any repairs made to Plaintiff's vehicle as a result of the damage sustained in the Collision.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 14:    Any physical model, replica, or other reproduction of the scene of the Collision.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 15:    Any documents, citations, orders, or other court papers relevant to any criminal charge, citation, or ticket (including the disposition of any such criminal charge, citation or ticket) Defendant(s) may have received in conjunction with the Collision.

**RESPONSE:**

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodhansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 7 of 20

16

REQUEST FOR PRODUCTION NO. 16:   If you allege that Plaintiff may have been negligent or a contributory cause of the Collision, any and all documents, papers, or other tangible things supporting your contention.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 17:   Any and all documents, video tapes, photographs, papers, reports, tax records, employment records, education records, or medical records that you happen to get possession of, through any means (authorization, deposition upon written question, subpoena, or other means) relevant to Plaintiffs herein.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 18:   Any and all police reports you intend to enter into evidence at trial in this case.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 19:   Any and all documents, reports, records, or other papers or things showing the results of any chemical, breath, and/or urine tests which may have been given to you either immediately before or immediately after the Collision.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 20:   Any and all receipts, returned checks, statements, tickets, invoices, account summaries, documents, or other papers showing that you purchased any alcoholic beverage(s), or other intoxicants, within the twenty-four (24) hour period wherein the Collision occurred.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 21:   Any and all documents, records or other papers that may inform you of any physical restriction, including driving restriction(s), within the last five (5) years of the Collision.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 22:   Any and all non-privileged documents, reports, or other written records pertaining to any investigation associated with the Collision.

**RESPONSE:**

**PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY**
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
**Page 8 of 20**

17

**REQUEST FOR PRODUCTION NO. 23:**   Any documents that negate or tend to negate any defenses, allegations or contentions that Defendant may assert regarding liability and/or damages that Plaintiff allege in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**   Any and all motion pictures, videotapes, or photographs that have been made of Plaintiff, taken before and/or after the events giving rise to this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**   Any document, writing, report, or record, which indicates that you may have suffered from any disability on or about the date of the Collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**   Any document, report, paper, or other writing that shows that your driver's license was ever revoked and/or suspended for any reason, in any jurisdiction, during the last ten (10) years.   Please execute and produce the attached Texas Department of Public Safety Application for Copy of Driver Record.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**   Copies of any and all medical records pertaining to the treatment of any injuries you may have sustained in the Collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**   Copies of any and all records pertaining to any criminal charge, indictment, complaint, or plea bargain you may have entered following the Collision and that pertains in any way to the Collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**   A copy of your itemized statement, bill, or invoice from your cell phone carrier for 2.5 hours before and after the Collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**   Copies of any and all documents evidencing Plaintiffs or any witness in this case have been convicted of any crime which may be used to impeach said witness under TRE 609.

**RESPONSE:**

**PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY**
*Robin Woodhouse-Wewe v. Daniel Frainey and James River Insurance Company*
Page 9 of 20

18

REQUEST FOR PRODUCTION NO. 31:   Please produce any and all non-privileged written communications, including but not limited to letters and memoranda, between agents, employees and/or representatives of Defendant that Defendant and/or her agents, employees, and/or representatives prepared as a result of the Collision. For any claim of privilege, please provide a privilege log pursuant to TEX. R. CIV. P. 193.3.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 32:   Any notes prepared by Defendant regarding the Collision.  This request does not seek privileged documents.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 33:   Please produce a copy of the bottle labels of all medication(s) taken by Defendant in the twenty-four (24) hours preceding the Collision.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 34:   Please produce all documents created in the one-year period preceding the Collision that pertain to any corrective eyewear prescription(s) worn by Defendant.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 35:   Please produce all documents reflecting any arrest, conviction, or probation of Defendant within the last ten (10) years.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 36:   Please produce all demonstrative or illustrative exhibits and/or aids you plan on presenting at trial of this matter.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 37:   Please produce for inspection any cellular telephone in Defendant's possession at the time of the Collision.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 38:   Please produce for inspection any driving habits monitoring device (e.g., Progressive Snapshot, Allstate Drivewise, State Farm Drive Safe & Save, Automatic, CarChip, etc.) in Defendant's vehicle at the time of the Collision.

**RESPONSE:**

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodhansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 10 of 20

19

**REQUEST FOR PRODUCTION NO. 39:**   Please produce any and all documents, photographs, statements, files, screenshots, and/or correspondence you obtained from any and all of Plaintiff's/Plaintiffs' social media accounts, including, but not limited to, Facebook.com, Myspace.com, LinkedIn.com, Twitter.com, Tagged.com, Classmates.com, Reunion.com, Friendster.com, Vine.com, Instagram.com, etc.

**RESPONSE:**

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodhouse-Wewe v. Daniel Frainey and James River Insurance Company*
Page 11 of 20

20

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT DANIEL FRAINEY

**INTERROGATORY 1:**     Please state your full name, address, date of birth, and present employment.

**ANSWER:**

**INTERROGATORY 2:**     Identify each person answering these interrogatories, supplying information, and assisting in any way with the preparation of the answers to these interrogatories.

**ANSWER:**

**INTERROGATORY 3:**     If you had a valid driver's license(s) at the time of this Collision, please describe your license(s) as to type, license number, any restrictions thereon, and whether or not said license(s) has been suspended/revoked in the past 10 years, giving a complete explanation of such suspension/revocation.

**ANSWER:**

**INTERROGATORY 4:**     Identify the owner of the vehicle you were driving at the time of the Collision and your relationship to the owner.

**ANSWER:**

**INTERROGATORY 5:**     Please provide a chronology of your activities during the 24-hour period before the Collision.

**ANSWER:**

**INTERROGATORY 6:**     Please describe your understanding of how the Collision occurred, including facts and circumstances leading up to its occurrence.

**ANSWER:**

**INTERROGATORY 7:**     Please state whether or not you, or anyone acting on your behalf in this matter, are aware of any oral statement made by Plaintiff or any witness(es). This includes any admission(s) made by Plaintiff. For each oral statement, provide the date and place in which the statement was made, the person who made the statement, and the contents of the statement. This interrogatory does not seek statements that meet the definition of Texas Rule of Civil Procedure 192.3(h).

**ANSWER:**

**INTERROGATORY 8:**     Please describe what parts of the vehicles involved in this Collision came into contact and describe the damages sustained by the vehicles in question.

**ANSWER:**

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodhouse-Wewe v. Daniel Frainey and James River Insurance Company*
Page 12 of 20

21

INTERROGATORY 9:     Please describe the existence, description, nature, custody, condition, location, and contents of any and all documents (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, and any other data compilations from which information can be obtained and translated) and any other tangible things or items which you intend to introduce, in whole or in part, at the trial of this lawsuit.

**ANSWER:**

INTERROGATORY 10:     Please describe where you had been for the 24 hours prior to the Collision, including where you stopped, what type and how many alcoholic beverages you consumed at each stop, where you were going at the time of the Collision, and the purpose of your trip.

**ANSWER:**

INTERROGATORY 11:     Please describe any and all traffic citations, criminal charges, indictment, etc. you may have received as a result of this Collision by stating the name and location of the court involved, the violations of the law charged in each citation/charge, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation(s)/charge(s).

**ANSWER:**

INTERROGATORY 12:     Please describe any criminal record (felony and/or crime of moral turpitude) you may have, including, but not limited to, any prior or subsequent arrests, charges, or citations for driving while intoxicated or driving under the influence of drugs or alcohol, by providing a complete description of the nature of the criminal charge, the date and place of the criminal charge, and the final disposition of said criminal charge(s).  This interrogatory seeks information for the last 10 years.

**ANSWER:**

INTERROGATORY 13:     For each motor vehicle collision in which you have been involved as a driver in the 10-year period before date of the Collision, please provide where, when, how, and with whom each collision occurred.  If a lawsuit resulted, provide the complete style, cause number, court, case disposition.

**ANSWER:**

INTERROGATORY 14:     Please state whether or not you were acting within the course and scope of any agency, employment, or service at the time of the Collision, and if so, identify the person or entity for which you were acting (name/address/phone number) and describe, in detail, the nature of the relationship of the persons involved.

**ANSWER:**

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 13 of 20

22

INTERROGATORY 15:     Please describe what physical injuries, if any, you or other occupants in your vehicle sustained in this Collision.

**ANSWER:**

INTERROGATORY 16:     Please describe any and all physical restrictions and/or disabilities you had within the 5-year period immediately preceding and including the date of the Collision. This request specifically includes any driving restrictions. If you wear corrective lenses, contacts, glasses, hearing aids, or other devices which enable you to see or hear, please identify whether you were wearing the corrective lenses, contacts, glasses, hearing aids, or other devices at the time of the Collision.

**ANSWER:**

INTERROGATORY 17:     Please list your complete employment history for the last five (5) years, including the name, address, and phone number of your employer(s), along with a complete description of your position(s) at each job.

**ANSWER:**

INTERROGATORY 18:     Please state whether you had in your possession a cell phone, hand-held high-tech device (PDA, MP3 player, GPS device, iPod, DVD player, etc.), and/or hands-free high-tech device (Bluetooth enabled device) at the time of the Collision. Please provide for each applicable cell phone the service provider name, account number, and phone number.

**ANSWER:**

INTERROGATORY 19:     If you communicated with anyone via your cell phone in the 30-minute period preceding the Collision, please identify the individual(s) with whom you communicated. This interrogatory includes voice and text communications.

**ANSWER:**

INTERROGATORY 20:     Did you personally respond to each and every one of Plaintiff's requests for admissions?

**ANSWER:**

INTERROGATORY 21:     Please identify any and all social networking services (including, but not limited to, Facebook, Twitter, Google Plus, MySpace, and Friendster) you used between the period of the date of the Collision and the present.

**ANSWER:**

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodhansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 14 of 20

23

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT
## DANIEL FRAINEY

REQUEST FOR ADMISSION 1:     Admit or deny that you were the owner of the vehicle in question on the date of the Collision.

ANSWER:

REQUEST FOR ADMISSION 2:     Admit or deny that you had any restrictions, of any nature, on your driver's license held on the date of the Collision.

ANSWER:

REQUEST FOR ADMISSION 3:     Admit or deny that your driver's license has ever been revoked for any reason whatsoever at any time prior to or after the Collision.

ANSWER:

REQUEST FOR ADMISSION 4:     Admit or deny that your driver's license has ever been suspended for any reason whatsoever at any time prior to or after the Collision.

ANSWER:

REQUEST FOR ADMISSION 5:     Admit or deny that your driving abilities were impaired in any way on or about on the date of the Collision.

ANSWER:

REQUEST FOR ADMISSION 6:     Admit or deny that you were acting within the course and scope of any agency, employment, or service at the time of the Collision.

ANSWER:

REQUEST FOR ADMISSION 7:     Admit or deny that you received a citation as a result of the Collision.

ANSWER:

REQUEST FOR ADMISSION 8:     Admit or deny that the Collision occurred at the intersection of Red River Street and East 32nd Street in Austin, Travis County, Texas.

ANSWER:

REQUEST FOR ADMISSION 9:     Admit or deny that the motor vehicle you were operating sustained any damage as a result of the Collision.

ANSWER:

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodhansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 15 of 20

24

REQUEST FOR ADMISSION 10:   Admit or deny that the motor vehicle you were operating was repaired following the Collision.

ANSWER:

REQUEST FOR ADMISSION 11:   Admit or deny that the motor vehicle operated by you was rendered a total loss as a result of the Collision.

ANSWER:

REQUEST FOR ADMISSION 12:   Admit or deny that you sought medical treatment from any hospital, clinic, physician, physician assistant, nurse practitioner, chiropractor, physical therapist, or other any other medical provider following the Collision.

ANSWER:

REQUEST FOR ADMISSION 13:   Admit or deny that any of your passengers sought medical treatment from any hospital, clinic, physician, physician assistant, nurse practitioner, chiropractor, physical therapist, or other any other medical provider following the Collision.

ANSWER:

REQUEST FOR ADMISSION 14:   Admit or deny that you took prescription medications for any purpose in the 24-hour period before of the Collision.

ANSWER:

REQUEST FOR ADMISSION 15:   Admit or deny that you had consumed any alcoholic beverage in the 24-hour period before to the Collision.

ANSWER:

REQUEST FOR ADMISSION 16:   Admit or deny that you had consumed/ingested/inhaled any illegal drug/narcotic in the 24-hour period before to the Collision.

ANSWER:

REQUEST FOR ADMISSION 17:   Admit or deny that you suffered from any disability, of any nature, on or about the date of the Collision.

ANSWER:

REQUEST FOR ADMISSION 18:   Admit or deny that you were receiving any type of disability benefit(s), from any source, on or about the date of the Collision.

ANSWER:

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 16 of 20

25

REQUEST FOR ADMISSION 19:   Admit or deny that you have received traffic citations for your acts/omissions in any other motor vehicle collision before the date of the Collision. This request asks that you provide a response for a time period of ten (10) years before the Collision.

**ANSWER:**

REQUEST FOR ADMISSION 20:   Admit or deny that you have received traffic citations for your acts/omissions in any other motor vehicle collision after the date of the Collision.

**ANSWER:**

REQUEST FOR ADMISSION 21:   Admit or deny that you have ever been sued by anyone for personal injuries associated with a motor vehicle collision within the last ten (10) years.

**ANSWER:**

REQUEST FOR ADMISSION 22:   Admit or deny that all of your acts and/or omissions directly and proximately caused the injuries/damages Plaintiff suffered in the Collision.

**ANSWER:**

REQUEST FOR ADMISSION 23:   Admit or deny that your failure to obey the traffic signal caused the Collision.

**ANSWER:**

REQUEST FOR ADMISSION 24:   Admit or deny that you failed to maintain an assured clear distance from other vehicles in your vicinity at the time of the Collision.

**ANSWER:**

REQUEST FOR ADMISSION 25:   Admit or deny that you failed to keep a proper lookout for other vehicles in your vicinity at the time of the Collision.

**ANSWER:**

REQUEST FOR ADMISSION 26:   Admit or deny that you failed to exhibit proper driver attention at the time of the Collision.

**ANSWER:**

REQUEST FOR ADMISSION 27:   Admit or deny that you were a distracted driver at the time of the Collision.

**ANSWER:**

**PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY**
*Robin Woodhouse-Wewe v. Daniel Frainey and James River Insurance Company*
Page 17 of 20

26

REQUEST FOR ADMISSION 28:   Admit or deny that you drove in a reckless manner at the time of the Collision.

**ANSWER:**

REQUEST FOR ADMISSION 29:   Admit or deny that you failed to exercise due care under the circumstances prior to the time of the Collision.

**ANSWER:**

REQUEST FOR ADMISSION 30:   Admit or deny that the medical treatment that Plaintiff received after the Collision was reasonable.

**ANSWER:**

REQUEST FOR ADMISSION 31:   Admit or deny that the medical treatment that Plaintiff received after the Collision was necessary.

**ANSWER:**

REQUEST FOR ADMISSION 32:   Admit or deny that the costs associated with the medical treatment that Plaintiff received after the Collision were reasonable.

**ANSWER:**

REQUEST FOR ADMISSION 33:   Admit or deny that the costs associated with the medical treatment that Plaintiff received after the Collision were necessary.

**ANSWER:**

REQUEST FOR ADMISSION 34:   Admit or deny that you possessed, at the time of the Collision, any cell phone or any other hand-held device (PDA, MP3, GPS device, iPod, DVD player).

**ANSWER:**

REQUEST FOR ADMISSION 35:   Admit or deny that you were using a cell phone, or any other hand-held device (PDA, MP3, GPS device, iPod, DVD player) during the 30-minute period before the Collision.

**ANSWER:**

REQUEST FOR ADMISSION 36:   Admit or deny that you sent a text message during the 30-minute period before Collision.

**ANSWER:**

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodhamsee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 18 of 20

27

REQUEST FOR ADMISSION 37:   Admit or deny that you received a text message at any time during the 30-minute period before the Collision.

ANSWER:

REQUEST FOR ADMISSION 38:   Admit or deny that you were engaged in a telephone conversation at any time during the 30-minute period before the Collision.

ANSWER:

REQUEST FOR ADMISSION 39:   Admit or deny that you made, received, attempted to make, and/or attempted to receive a phone call on your cellular phone at any time while you were driving your vehicle on the date of the Collision.

ANSWER:

REQUEST FOR ADMISSION 40:   Admit or deny that using a cell phone while operating a motor vehicle poses an extreme risk of injury.

ANSWER:

REQUEST FOR ADMISSION 41:   Admit or deny that before the Collision you were aware that using a cell phone while operating a motor vehicle poses an extreme risk of injury.

ANSWER:

REQUEST FOR ADMISSION 42:   Admit or deny that you had a social media network account (including, but not limited to, Facebook, Twitter, Instagram, Google Plus, MySpace, and Friendster) during the 30-day period after the date of the Collision.

ANSWER:

REQUEST FOR ADMISSION 43:   Admit or deny that you could access your social media network account (including, but not limited to, Facebook, Twitter, Instagram, Google Plus, MySpace, and Friendster) on your cell phone on the date of the Collision.

ANSWER:

REQUEST FOR ADMISSION 44:   Admit or deny that you had an email account on the date of the Collision.

ANSWER:

REQUEST FOR ADMISSION 45:   Admit or deny that you could access your email account on your cell phone on the date of the Collision.

ANSWER:

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodhouse-Wewe v. Daniel Frainey and James River Insurance Company*
Page 19 of 20

28

REQUEST FOR ADMISSION 46: Admit or deny that you gave a recorded statement to your insurance company at any time after the Collision.

ANSWER:

REQUEST FOR ADMISSION 47: Admit or deny that the vehicle you were operating at the time of the Collision was equipped with a driving habits monitoring device (e.g., Progressive Snapshot, Allstate Drivewise, State Farm Drive Safe & Save, Automatic, CarChip, etc.).

ANSWER:

REQUEST FOR ADMISSION 48: Admit or deny that the vehicle you were operating at the time of the Collision was equipped with a camera that was recording your surroundings.

ANSWER:

REQUEST FOR ADMISSION 49: Admit or deny that you, your agents, or anyone acting on your behalf have attempted to contact (e.g., "friend", "connect", etc.) Plaintiff(s) through a social media site.

ANSWER:

REQUEST FOR ADMISSION 50: Admit or deny that you were legally intoxicated at the time of the incident.

ANSWER:

REQUEST FOR ADMISSION 51: Admit or deny that you drank alcohol prior to driving at the time of the Collision.

ANSWER:

REQUEST FOR ADMISSION 52: Admit or deny that driving a motor vehicle after drinking alcohol poses an extreme risk of injury.

ANSWER:

REQUEST FOR ADMISSION 53: Admit or deny that before the Collision you were aware that drinking alcohol prior to operating a motor vehicle poses an extreme risk of injury.

ANSWER:

PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT DANIEL FRAINEY
*Robin Woodhouse-Wewe v. Daniel Frainey and James River Insurance Company*
Page 20 of 20

CAUSE NO. _____

| | | |
|---|---|---|
| ROBIN WOODMANSEE-WEWE, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| DANIEL FRAINEY and JAMES RIVER | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| **Defendants.** | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S DISCOVERY REQUESTS
## TO DEFENDANT JAMES RIVER INSURANCE COMPANY

TO:   Defendant James River Insurance Company, by and through personal service as an attachment to the Plaintiff's First Amended Petition.

Plaintiff serves this Request for Production, Interrogatories, and Admissions as allowed by Texas Rules of Civil Procedure 196, 197, and 198. Defendant must respond to each request separately, in writing, fully, and under oath within 50 days after service.

Respectfully submitted,

Zinda Law Group, PLLC
8834 North Capital of Texas Highway, Suite 304
Austin, Texas 78759
(512) 246-2224 Office
(512) 369-6961 FAX
**Service of Documents: service@hzfirm.com**

By: _____

    John C. (Jack) Zinda
    State Bar No. 24053569
    Joseph Caputo
    State Bar No. 24078309
    S. Burgess Williams
    State Bar No. 24072426
    Neil Solomon
    State Bar No. 24079369

        **ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT JAMES RIVER INSURANCE COMPANY
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
Page 2 of 22

31

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was attached to and served upon the Defendant along with Plaintiff's Original Petition.


_____
Neil Solomon

## DEFINITIONS

1.  "Defendant", "you" or "your" means James River Insurance Company, its principals, agents, employees, and anyone acting with authority on its behalf.

2.  "Plaintiff" as used herein means Robin Woodmansee-Wewe, her principals, agents, employees, and anyone acting with authority on her behalf.

3.  "Person" as used herein means any natural person, corporation, partnership or other legal entity.

4.  "Communication" means any oral or written communication of which Defendant has knowledge, information, or belief.

5.  "Incident" and/or "Collision" shall refer to the injury-producing event described in Plaintiff's live pleading.

6.  "Date of the Incident" shall refer to the date of the injury producing events described in Plaintiff's live pleading.

7.  "Underinsured Motorist" shall refer to third party driver responsible for the incident as described in Plaintiff's live pleading.

8.  "The Insurance Policy" shall refer to the insurance policy number CA436100TX-00 issued by James River Insurance Company.

9.  "Document" as used herein means any written or graphic matter, however produced or reproduced, and is intended to be comprehensive and include, without limitation, any and all written correspondence, letters, telegrams, agreements, notes, contracts, instructions, financial statements, financial reports, checks, reports, demands, memoranda, data, schedules, shop orders, studies, notices, work papers, recordings, photographs, charts, analysis, indices, data sheets, intra-company communications, notebooks, diaries, schedules, diagrams, forms, manuals, brochures, lists, publications, drafts, minutes, job tickets, accounts, invoices, statements, vouchers, credit memos, bills of lading, calendars, due bills, journals, orders, confirmations, letters of credit, computer programs, computer tapes, computer printouts, and all other written or graphic material of any nature whatsoever, that are in your custody or control or to which you have access, or of which you have knowledge, and further means both the originals and all copies thereof, including those copies with additional marginal notes or other writing or marking thereon, or attachments or insertions thereto.

10.  "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

11.  "Mobile Device" means cellular phone, satellite telephone, pager, personal digital

assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

12.   Whenever in these Interrogatories you are asked to "identify", you are requested:

(a)   When identifying a person to give such person's full name, business address and residence address, telephone number, and present or last known position, affiliation at the time in question.

(b)   When identifying a communication to identify the author thereof and the parties thereto or participants therein; give the date of communication; give the place of the communication; state verbatim the contents of the communication; specify whether such communication has been reduced to writing, and, if so, identify such document.

(c)   When identifying a document to identify the author thereof and the parties thereto; state the title and other identifying matter; state the date of the document or if no date appears thereon state the approximate date; state verbatim the contents thereof and/or attach a copy of such document to your answers; and control of the original and any copies thereof; if such document was, but no longer is in your possession or subject to your control, describe in detail what disposition was made of it.

(d)   When identifying a corporation or other entity:  identify the name; state the principal place of business; and identify the persons having knowledge of the matters with respect to which the corporation or other entity is named.

13.   "Evidence" or "evidencing" means having a tendency to show, prove or disprove.

## A.  CLAIM OF PRIVILEGE

If you claim that any document for which production is requested is privileged, and therefore beyond the scope of discovery, for each such document:

1.   Identify the document, by specifying the date (or approximate date) of preparation, the nature of its contents, the name of its author, the name and business address of each person having any knowledge of the factual assertions reflected in such document; and

2.   Specify the precise nature of the privilege claimed.



## B. **LOST OR DESTROYED DOCUMENTS**

If any document for which production is requested has been lost or destroyed, for each such document, state the circumstances relating to the loss or destruction of such document, the approximate date of loss or destruction, and a reasonably complete description of the contents of said document.

## C. **AMENDMENT OR SUPPLEMENTATION OF RESPONSE**

If you learn that your response(s) to these requests were incomplete or incorrect when made or that, although it were complete and correct when made, they are no longer complete and correct, you must amend or supplement said response(s) -

1.   To the extent that each request seeks the identification of persons with knowledge of relevant facts, trial witnesses, or expert witnesses, and

2.   To the extent that each request seeks other information, unless the additional or corrective information has been made known to Our Client in writing, on the record at a deposition, or through other discovery responses.

You must make amended or supplemental responses reasonably promptly after you discover the necessity for such response(s).

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT JAMES RIVER INSURANCE COMPANY

REQUEST FOR PRODUCTION NO. 1:    Produce working papers, notes, calculations, diagrams, photographs, models, exhibits, and other materials, including reports and factual observations, prepared or reviewed by any expert who will testify at trial.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 2:    Produce copies of all transcripts of testimony previously provided by any individual listed by Defendant as an expert witness.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 3:    Produce treatises, rules, regulations, guidelines, statutes, policies, procedures, and any other authoritative materials considered by any testifying expert in forming an opinion.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 4:    Produce invoices, bills, and other billing materials for each expert Defendant expects will testify at trial.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 5:    Please provide a copy of any and all work papers, notes, or documents in the file of any expert witness Defendant expects will testify at trial.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 6:    All written documents, including police reports and/or accident reconstructions, describing any investigation of the subject incident conducted by any person, including Defendant prior to the time suit was filed.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 7:    Produce complete and unaltered copies of each photograph, video recording, motion picture, drawing, or other tangible thing that pertains in any way to the subject matter of this suit.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 8:     Provide complete and unaltered examinations under oath, sworn statements, written statements, tape recordings, transcriptions of statements and statement summaries from parties or anyone who acted as an agent, representative and/or employee of any party involved in this litigation.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 9:     Provide complete and unaltered examinations under oath, sworn statements, written statements, tape recordings, transcriptions of statements and statement summaries from any individual with knowledge of facts relevant to this litigation.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 10:     Produce all communications between Plaintiff and Defendant relating to this suit.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 11:     Please provide all photographs, motion pictures, videotape, maps, drawings, charts, diagrams, measurements, surveys or other documents concerning the events and happenings made the basis of this lawsuit, the vehicles in question, the scene of the accident, or the area, persons or objects involved, either made at the time of, or after the time of the events in question.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 12:     Please produce any and all surveillance photographs or videos of Plaintiff.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 13:     All documents which support criminal records of any party or witness which you contend are relevant impeachment evidence.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 14:     Any and all documents and testimony Defendant has obtained through the use of depositions upon written questions, or by use of an authorization furnished to Defendant by Plaintiff.

**RESPONSE:**



REQUEST FOR PRODUCTION NO. 15:   All peer reviews, audits, medical summaries, memoranda, notes, letters, and other documents relating to the medical records Plaintiff has submitted for payment under the policy and/or injuries claimed by Plaintiff in this case.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 16:   Provide the complete and unaltered file(s) Defendant's claims department prepares, generates and/or maintains (or has prepared, generated and/or maintained) regarding the insured. (The period of time covered by this request for production begins with Plaintiff's initial application for insurance through the present time).

This request requires the production of documentation and material concerning all insurance claims involving or having to do with the insured, and not just the insurance claim(s) involved in this litigation.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 17:   Provide the complete and unaltered file(s) Defendant's claims department prepares, generates and/or maintains (or has prepared, generated and/or maintained) regarding the insurance claim(s) involved in this litigation.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 18:   All documents, records, reports, notations, or memoranda regarding the Plaintiff from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau and all similar persons or entities.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 19:   All documents relating to the amount(s) set aside and/or placed in reserve regarding Plaintiff's claims in this case.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 20:   All liability work-ups or reports relating to Plaintiff's claims.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 21:   Any and all documents relating to your use of computer programs (including, but not limited to, COLOSSUS) in reviewing and/or evaluating claims of injury in motor vehicle accidents.

**RESP****SE:**

REQUEST FOR PRODUCTION NO. 22:   Any and all documents relating to your use of computer programs (including, but not limited to, COLOSSUS) in reviewing and/or evaluating Plaintiff's claims of injury in the motor vehicle accident that forms the basis of this suit.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 23:   Any and all documents, including, but not limited to, books and manuals, used by your employees to assist in their evaluation of automobile accident bodily injury claims.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 24:   All documents relating to any and all notices you received from Plaintiff regarding the incident made the basis of this lawsuit.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 25:   All records of every telephone conversation regarding Plaintiff or her claims with Defendant.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 26:   Produce any and all settlement agreements Defendant has entered into with any party or nonparty as a result of or relating to this suit.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 27:   Produce all materials supporting the contention that Plaintiff did not perform a condition of the contract or that Plaintiff has not performed all conditions precedent or that all conditions precedent necessary for Plaintiff to file suit did not occur.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 28:   Produce all materials supporting the contention that Plaintiff did not mitigate her damages.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 29:   Please furnish a copy of all written or other documentation of any investigation of the accident underlying this suit.

**RESPONSE:**



**PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT JAMES RIVER INSURANCE COMPANY**
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
**Page 10 of 22**                                                                                     39

REQUEST FOR PRODUCTION NO. 30:   Provide   Defendant's   complete   and   unaltered adjuster's log, claim log, claim activity log and/or claim activity record regarding all insurance claims involved in this litigation.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 31:   Provide   complete and unaltered   copies   of   all communications sent, delivered and/or transmitted between (including e-mails) Defendant, Defendant's agents or representatives, and any consultants, inspectors, engineers, contractors, appraisers, professional consultants and/or technical consultants regarding the insurance claim(s) involved in this litigation.

Such communications should include, without limitation, correspondence; facsimile transmissions, memos, letters; notes; reports; papers; files; records; telegrams; teletypes and other communications notices; instructions; summaries analyses; statements; interviews; affidavits; charts, drawings, specifications;   manuals;   brochures;   technical   and   engineering   reports,   evaluations, recommendations,   data,   photographs,   videotapes,   illustrations   and   all   other   written communications, of whatever type or nature.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 32:   Provide   complete   and   unaltered   copies   of   all contracts, agreements and/or proposals entered into with or involving all individuals and/or entities that had any involvement with the insurance claim(s) involved in this litigation.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 33:   Provide   complete   and   unaltered   copies   of   each company policy, company rule, company regulation, internal policy, internal rule, internal regulation, internal guideline, internal standard, and/or internal procedure which evidences or tends to show the scope and/or the nature of Defendant's duties, obligations and/or responsibilities with respect to 1) the insurance claim(s) involved in this litigation; 2) the claims work and/or claims services performed by, or at the direction of, Defendant in connection with the any of the insurance claim(s) involved in this litigation.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 34:   Provide   complete   and   unaltered   copies   of   all professional/industry rules, professional/industry regulations, professional/industry policies, professional/industry guidelines, professional/industry standards and/or professional/industry directives, which evidences or tends to show the scope and/or the nature of the duties, obligations and/or responsibilities of Defendant with respect to: 1) the insurance claim(s) involved in this litigation; 2) the claims work and/or claims services performed by, or at the direction of, Defendant in connection with the insurance claim(s) involved in this litigation.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 35:   Provide a complete and unaltered copy of Defendant's training policies, training guidelines, training procedures and training manuals that relate or pertain to the handling and/or investigation of Underinsured Motorist claims.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 36:   Please provide any medical records obtained from any third party which are relevant to this cause or any party to this cause.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 37:   All documents typed, written or signed by Plaintiff.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 38:   All documents not described above which contain information from Plaintiff or transmitted by or from Plaintiff.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 39:   All peer reviews, audits, medical summaries, memoranda, notes, letters, and other documents relating to the medical records Plaintiff has submitted for payment under the policy and/or injuries claimed by the Plaintiff in this case.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 40:   Copies of any and all estimates indicating damage to any vehicle involved in this incident.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 41:   Any and all photographs that Defendant has of the vehicles involved in the collision made the basis of this lawsuit, parties or scene in question relevant to this matter.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 42:   Copies of any documents referred to in your answer to Interrogatories or Request for Disclosures, if not provided under any other request for production.

**RESPONSE:**



**PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT JAMES RIVER INSURANCE COMPANY**
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
**Page 12 of 22**                                                                                                41

REQUEST FOR PRODUCTION NO. 43:   Please produce any documents which contain any testimony or statement which will be used to impeach the testimony of any party or fact witness or expert witness identified by any party to this cause.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 44:   If you are claiming a credit against judgment or settlement for this cause, please provide all documents used to substantiate any credit.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 45:   Please produce a copy of the non-privileged portions of the insurance claims file prepared prior to the date on which Defendant contends they reasonably anticipated litigation on this Claim.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 46:   Please produce all documents, if any, which support any contention by Defendant that:

    a.  The Insurance Policy was not in effect at the time of the occurrence;
    b.  The Insurance Policy had been cancelled for any reason at the time of the occurrence;
    c.  Plaintiff has not complied with any provision or part of The Insurance Policy in making the claims which form the basis of this lawsuit; or
    d.  There is no coverage for any part or all of Plaintiff's claims against Defendant.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 47:   Please produce a color copy of all videotapes, photographs, or electronic images depicting:

    a.  Plaintiff;
    b.  Any other person involved in the occurrence;
    c.  The occurrence and/or scene of the occurrence;
    d.  Re-enactments or re-creations of the occurrence;
    e.  Any tangible instrumentalities involved in the occurrence which forms the basis of this lawsuit; and
    f.  All property damaged in the occurrence which forms the basis of this lawsuit.

**RESPONSE:**



**PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT JAMES RIVER INSURANCE COMPANY**
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
**Page 13 of 22**

REQUEST FOR PRODUCTION NO. 48:   Please produce a color copy of all videotapes, photographs, or electronic images depicting any real or personal property owned by Plaintiff involved in the Claim.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 49:   Please produce a copy of all documents evidencing the fair market value of property that was or is alleged to have been involved in or damaged in the occurrence which forms the basis of this lawsuit.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 50:   In the event Defendant contends that any vehicle involved in the occurrence was defective or that the mechanical condition of the vehicle caused or in any way contributed to the cause of the occurrence in question, please produce a copy of any and all documents reflecting repair and/or maintenance to such vehicle from one (1) year prior to the incident in question to present as well as all records concerning the alleged defective condition(s) which caused or contributed to the cause of the collision in question.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 51:   Produce a copy of all documents which provide a description of any "Jane Doe" and "John Doe," and "Responsible Third Party", if any, whose identity is allegedly unknown but whom Defendant contends caused or contributed to the harm for which a recovery has been sought in this matter.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 52:   Please produce a copy of any and all checks paid by or on behalf of Defendant to Plaintiff as a result of the occurrence in question.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 53:   Please produce a copy of the first written notice of this Claim received by Defendant.

**RESPONSE:**



## PLAINTIFF'S INTERROGATORIES TO DEFENDANT
## JAMES RIVER INSURANCE COMPANY

INTERROGATORY 1:     If you claim your name has not been correctly stated in this lawsuit or that you are not liable in the capacity in which you have been sued, please provide your correct legal name and the capacity, if any, which you contend you should have been named in this lawsuit.

**ANSWER:**

INTERROGATORY 2:     Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

**ANSWER:**

INTERROGATORY 3:     Identify by name, employer (if different from Defendant), business address, job title and telephone number of the individual who will be Defendant's in-court representative.

**ANSWER:**

INTERROGATORY 4:     If anyone performed an investigation of this case on your behalf, please identify the following:

      a.  The date upon which each such investigation was begun.
      b.  The name, address and telephone number of all persons conducting the investigation.
      c.  The names, addresses and telephone numbers of all persons the investigator has contacted and indicate whether a written statement was obtained.
      d.  All reports, statements, photographs and any other documents obtained and/or generated pursuant to said investigation.

**ANSWER:**

INTERROGATORY 5:     Describe each separate file containing any records, documents, or information relating to claims made by Plaintiff. Include in your description for each file: name, number, descriptive title, custodian, contents and location.

**ANSWER:**



INTERROGATORY 6:     Please list and describe any and all condition(s) precedent to bringing this lawsuit against you, contractual obligations that Plaintiff has not met and any exclusions you assert are applicable to their claim for Uninsured/Underinsured Motorist Benefits.

   a.  Describe the contractual obligation;
   b.  Specify the exact time, date, and place of Plaintiff's alleged nonperformance; and
   c.  Identify all documents that support these contentions.

**ANSWER:**

INTERROGATORY 7:     If you contend that The Insurance Policy had been cancelled or, for any other reason, was not in force and in effect at the time of the collision which forms the basis of this lawsuit or that Defendant has a basis to contest coverage of Plaintiff's claims which form the basis of this lawsuit, please state the basis of such contention and specifically identify each portion of The Insurance Policy, if any, under which Defendant is contesting coverage.

**ANSWER:**

INTERROGATORY 8:     If you contend that Underinsured Motorist was not an uninsured or underinsured motorist at the time of the collision which forms the basis of this lawsuit, please provide the following information:

   a.  Identify each liability bond and/or insurance policies which may provide liability coverage to Underinsured Motorist by stating the name, address, telephone number of each insurer/bond company which may insure or bond Underinsured Motorist for any damages sustained by Plaintiff in the collision which forms the basis of this lawsuit and include the policy number, claim number and amount of coverage you contend is available under each such policy.
   b.  Provide any additional factual basis for your contentions, if any, that Underinsured Motorist does not qualify as an "uninsured motorist" or as an "underinsured motorist."

**ANSWER:**

INTERROGATORY 9:     Please state the date on which Defendant contends it reasonably anticipated litigation in this matter, and provide a brief, general description of the reason(s) why Defendant contended it reasonably anticipated litigation in this matter on such date.

**ANSWER:**

INTERROGATORY 10:     Provide a brief, general explanation of Defendant's contentions of how the collision in question occurred.

(Include in your explanation, your understanding of each person and/or factor you contend is legally responsible for causing the occurrence and a brief, general statement of facts of why you contend each person(s) or factor(s) caused or contributed to the cause of the collision.)

ANSWER:

INTERROGATORY 11:      If Defendant contends that the incident in question was an "unavoidable accident" or a result of a "sudden emergency", as those terms are defined by Texas law, identify the basis of your contentions of each such claim.

**ANSWER:**

INTERROGATORY 12:      If you contend that any person involved in the collision was under the influence of any drug or alcoholic substance at the time of the collision, please identify each such individual you contend was under the influence and state generally the reasons why you believe such person(s) were under the influence of a drug or alcoholic substance.

**ANSWER:**

INTERROGATORY 13:      In addition to any witness statements which have been requested by Plaintiff pursuant to a Request for Disclosure under Rule 194.2(i) of the Texas Rules of Civil Procedure, please describe any other statements, which Defendant claims Plaintiff has made, that you contend are relevant to this lawsuit.

**ANSWER:**

INTERROGATORY 14:      Identify all witnesses to the collision which forms the basis of this lawsuit of which Defendant is aware.

**ANSWER:**

INTERROGATORY 15:      If Defendant or its representatives have obtained copies of Plaintiff's employment records, medical records or insurance records, other than the records provided by Plaintiff to Defendant or its representatives, please identify the name of each employer, medical provider and insurer from whom such records were obtained and the date such records were obtained.

**ANSWER:**

INTERROGATORY 16:      Provide a brief, general explanation of Defendant's contentions of the injuries, if any, which Defendant contends that Plaintiff sustained as a result of the collision which forms the basis of this lawsuit. If the Defendant contends that Plaintiff was not injured at all, then state "none" in your answer to indicate your contention.

**ANSWER:**



**PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT JAMES RIVER INSURANCE COMPANY**
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
**Page 17 of 22**                                                                                              46

INTERROGATORY 17:      With regard to each vehicle involved in the collision which forms the basis of this lawsuit, please state the following:

      a.  Describe generally the areas and extent of damage;
      b.  State the amount of money Defendant contends it cost or would have cost to repair the vehicle; and
      c.  Location of any photographs taken of the damage to the vehicle.

**ANSWER:**

INTERROGATORY 18:      For each element of damage listed below, please state the amount, if any, of compensation Defendant contends would fairly and reasonably compensate each Plaintiff for the injuries sustained as a result of the collision which forms the underlying basis of this lawsuit

      a.  Reasonable expenses of necessary medical care in the past:       _____

      b.  Loss of earning capacity in the past       _____

      c.  Physical pain and suffering in the past       _____

      d.  Physical impairment in the past.       _____

      e.  Reasonable expenses of necessary medical care in the future:       _____

      f.  Loss of earning capacity in the future:       _____

      g.  Physical pain and suffering in the future:       _____

      h.  Physical impairment in the future:       _____

      i.  Physical disfigurement in the past:       _____

      j.  Physical disfigurement in the future:       _____

**ANSWER:**

INTERROGATORY 19:      State each and every factor which you now contend or will contend at trial caused or contributed to Plaintiff's damages including, but not limited to, pre-existing physical or medical conditions of Plaintiff. If Defendant contends that the injuries or damages alleged by Plaintiff were caused, in whole or in part, by an event other than the collision which forms the basis of this lawsuit, please identify each such alleged event by date and generally describe each such event or occurrence by category such as "Motor Vehicle Accident;" "Slip and Fall;" "Trip and Fall;" "On-The-Job Injury" or other general category of incident or description.

**ANSWER:**

**PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT JAMES RIVER INSURANCE COMPANY**
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
**Page 18 of 22**          47

INTERROGATORY 20:     If you contest any of the economic damages and/or medical bills claimed by Plaintiffs, please state, FOR EACH CATEGORY OF DAMAGES or MEDICAL PROVIDER, the category of damages or medical provider being contested, the amount for each category or medical provider being contested, the reason the amount for each category or medical provider is being contested, what you contend the correct dollar amount of damages for each category or medical provider should be, and the method of calculating what you contend to be the correct dollar amount of damages.

**ANSWER:**

**PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT JAMES RIVER INSURANCE COMPANY**
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
**Page 19 of 22**

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT
## JAMES RIVER INSURANCE COMPANY

REQUEST FOR ADMISSION 1:     Admit or deny that, at the time of the incident, Plaintiff was insured under a policy of insurance with Defendant Insurer which contained coverage for Uninsured/Underinsured Motorist coverage.

**ANSWER:**

REQUEST FOR ADMISSION 2:     Admit or deny that an underinsured motor vehicle is one to which a liability bond or policy applies at the time of the accident but its limit of liability either:

    a.  is not enough to pay the full amount the covered person is legally entitled to recover as damages; or
    b.  has been reduced by payment of claims to an amount which is not enough to pay the full amount the covered person is legally entitled to recover as damages.

**ANSWER:**

REQUEST FOR ADMISSION 3:     Admit or deny that, at the time of the incident, The Insurance Policy with Defendant contained coverage for Uninsured/Underinsured Motorist benefits, which represents it will pay for damages that a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident.

**ANSWER:**

REQUEST FOR ADMISSION 4:     Admit or deny that, at the time of the incident, Plaintiff was covered persons under The Insurance Policy.

**ANSWER:**

REQUEST FOR ADMISSION 5:     Admit or deny that the motor vehicle collision which forms the basis of this lawsuit constitutes an "accident" as defined by The Insurance Policy.

**ANSWER:**

REQUEST FOR ADMISSION 6:     Admit or deny that Plaintiff promptly notified Defendant of the accident which forms the basis of this lawsuit.

**ANSWER:**

REQUEST FOR ADMISSION 7:     Admit or deny that Plaintiff complied with all of her duties to Defendant under The Insurance Policy which relate to the claims made the basis of this lawsuit.

ANSW

**PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT JAMES RIVER INSURANCE COMPANY**
*Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company*
**Page 20 of 22**                                                                                          49

REQUEST FOR ADMISSION 8:    Admit or deny that Defendant is not contending that Plaintiff did not comply with any of her duties owed to Defendant under The Insurance Policy which relate to the claims made the basis of this lawsuit.

**ANSWER:**

REQUEST FOR ADMISSION 9:    Admit or deny that, at the time of the incident, Defendant is unaware of any liability insurance policy which may have been in effect to cover Underinsured Motorist to pay for damages which Plaintiff is legally entitled to recover from Underinsured Motorist as a result of the collision which forms the basis of this lawsuit.

**ANSWER:**

REQUEST FOR ADMISSION 10:    Admit or deny that, at the time of the incident, Underinsured Motorist is considered an "underinsured motorist" under The Insurance Policy.

**ANSWER:**

REQUEST FOR ADMISSION 11:    Admit or deny that, at the time of the incident, The Insurance Policy had not been cancelled.

**ANSWER:**

REQUEST FOR ADMISSION 12:    Admit or deny that, at the time of the incident, The Insurance Policy was in force and in effect.

**ANSWER:**

REQUEST FOR ADMISSION 13:    Admit or deny that, at the time of the incident, all applicable premiums for The Insurance Policy had been paid.

**ANSWER:**

REQUEST FOR ADMISSION 14:    Admit or deny that Underinsured Motorist's negligence proximately caused the motor vehicle accident involving which forms the underlying basis of this lawsuit.

**ANSWER:**

REQUEST FOR ADMISSION 15:    Admit or deny that Underinsured Motorist's negligence was the sole proximate cause of the motor vehicle accident which forms the underlying basis of this lawsuit.

**ANSWER:**

REQUEST FOR ADMISSION 16:    Admit or deny that Defendant has no evidence that Plaintiff was negligent and proximately caused the motor vehicle accident which forms the basis of this lawsuit.

**ANSWER:**

REQUEST FOR ADMISSION 17:   Admit or deny that Defendant believes that Plaintiff was injured as a result of the motor vehicle accident which forms the underlying basis of this lawsuit.

**ANSWER:**

REQUEST FOR ADMISSION 18:   Admit or deny that Defendant believes it was appropriate for Plaintiff to seek medical care as a result of the incident.

**ANSWER:**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED _____

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Neil Solomon  **Email:** neil@zdfirm.com | **Plaintiff(s)/Petitioner(s):** Robin Woodmansee-Wewe | ☒Attorney for Plaintiff/Petitioner ☐*Pro Se* Plaintiff/Petitioner ☐Title IV-D Agency ☐Other. |
| **Address:** 8834 N. Capital of Tx Hwy Ste 304  **Telephone:** 512-246-2224 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Austin, Texas 78759  **Fax:** 512-369-6961 | **Defendant(s)/Respondent(s):** James River Insurance  Daniel Frainey | Custodial Parent:  Non-Custodial Parent: |
| **Signature:**  **State Bar No:** 24079369 | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | ☐Enforcement |
| *Debt/Contract* | ☐Assault/Battery | ☐Eminent Domain/ Condemnation | ☐Annulment | ☐Modification—Custody |
| ☐Consumer/DTPA | ☐Construction | ☐Partition | ☐Declare Marriage Void | ☐Modification—Other |
| ☐Debt/Contract | ☐Defamation | ☐Quiet Title | *Divorce* | **Title IV-D** |
| ☐Fraud/Misrepresentation | *Malpractice* | ☐Trespass to Try Title | ☐With Children | ☐Enforcement/Modification |
| ☐Other Debt/Contract: | ☐Accounting | ☐Other Property: | ☒No Children | ☐Paternity |
| | ☐Legal | | | ☐Reciprocals (UIFSA) |
| *Foreclosure* | ☐Medical | | | ☐Support Order |
| ☐Home Equity—Expedited | ☐Other Professional Liability: | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐Other Foreclosure | | ☐Expunction | ☐Enforce Foreign Judgment | ☐Adoption/Adoption with Termination |
| ☐Franchise | ☒Motor Vehicle Accident | ☐Judgment Nisi | ☐Habeas Corpus | ☐Child Protection |
| ☐Insurance | ☐Premises | ☐Non-Disclosure | ☐Name Change | ☐Child Support |
| ☐Landlord/Tenant | *Product Liability* | ☐Seizure/Forfeiture | ☐Protective Order | ☐Custody or Visitation |
| ☐Non-Competition | ☐Asbestos/Silica | ☐Writ of Habeas Corpus— Pre-indictment | ☐Removal of Disabilities of Minority | ☐Gestational Parenting |
| ☐Partnership | ☐Other Product Liability List Product: | ☐Other: _____ | ☐Other: | ☐Grandparent Access |
| ☐Other Contract: | | | | ☐Parentage/Paternity |
| | ☐Other Injury or Damage: | | | ☐Termination of Parental Rights |
| | | | | ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination | ☐Administrative Appeal | ☐Lawyer Discipline | | |
| ☐Retaliation | ☐Antitrust/Unfair Competition | ☐Perpetuate Testimony | | |
| ☐Termination | ☐Code Violations | ☐Securities/Stock | | |
| ☐Workers' Compensation | ☐Foreign Judgment | ☐Tortious Interference | | |
| ☐Other Employment: | ☐Intellectual Property | ☐Other: _____ | | |

| **Tax** | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐Guardianship—Adult |
| ☐Tax Delinquency | ☐Dependent Administration | ☐Guardianship—Minor |
| ☐Other Tax | ☐Independent Administration | ☐Mental Health |
| | ☐Other Estate Proceedings | ☐Other: _____ |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

# Exhibit A-3

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| **Name:** Neil Solomon | **Email:** neil@zdfirm.com | **Plaintiff(s)/Petitioner(s):** Robin Woodmansee-Wewe | ☑ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| **Address:** 8834 N. Capital of Tx Hwy Ste 304 | **Telephone:** 512-246-2224 | | Additional Parties in Child Support Case: |
| **City/State/Zip:** Austin, Texas 78759 | **Fax:** 512-369-6961 | **Defendant(s)/Respondent(s):** James River Insurance<br><br>Daniel Frainey | Custodial Parent: _____<br><br>Non-Custodial Parent: _____ |
| **Signature:** | **State Bar No:** 24079369 | *[Attach additional page as necessary to list all parties]* | Presumed Father: _____ |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☑ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List: Product: | **Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | **Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order | |
| | ☐ Other Injury or Damage: | | **Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | **Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☑ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☑ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☑ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

# Exhibit A-4

**CERTIFIED
BILL OF COST**



VELVA L. PRICE
District Clerk, Travis County
P.O. Box 679003, Austin, TX 78767
(512) 854-9457

## BILL OF COST FOR COURT COSTS/FINES

August 22, 2016

SOLOMON NEIL PATRICK
8834 N. CAPITAL OF TEXAS HIGHWAY, SUITE 304
AUSTIN, TX  78759

Cause Number: D-1-GN-16-003892

ROBIN WOODMANSEE-WEWE
VS
DANIEL FRAINEY AND JAMES RIVER

**ON AUGUST 19,2016 IN THE ABOVE REFERENCED CASE A REQUEST FOR (2) INSURANCE
COMMISSIONER CITATIONS WAS SUBMITTED.  THE E-FILE ENVELOPE THAT WAS
ACCEPTED DID NOT CONTAIN THE CORRECT ISSUANCE FEE. THE BELOW AMOUNT IS
STILL DUE.**

**Total Amount Due for Filing: $8.00   (PL1 )**

Please direct your payment to the attention of the Accounting Department. "Court Costs, Fines, or Fees are **due to
the Travis County District Clerk no later than 10 business days** from the date of this "Bill of Costs".

***You can now pay your bill ONLINE***
Visit https://www.traviscountytx.gov district-clerk and click on **Online Payment**

If you have any questions, or need further assistance, please contact the District Clerk's office.

Thank you,

THE STATE OF TEXAS
   COUNTY OF TRAVIS      I, Velva L. Price, Clerk of the District Court of Travis County, Texas
certify that the above and foregoing is a true and correct copy of the Bill of Cost in the numbered and styled cause.

Velva L. Price
Travis County District Clerk

Texas Rules of Civil Procedure Rule 129   How Costs Collected
If any party responsible for costs fails or refuses to pay the same within ten days after demand for payment, the clerk or
justice of the peace may make certified copy of the bill of costs then due. and place the same in the hands of the sheriff or
constable for collection. All taxes imposed on law proceedings shall be included in the bill of costs. Such certified bill of
costs shall have the force and effect of an execution. The removal of a case by appeal shall not prevent the issuance of an
execution for costs.

Type/Form Number - B13 - 000003172

# Exhibit A-5

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-16-003892**

8/25/2016 11:59:39 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-16-003892**
**Irene Silva**

ROBIN WOODMANSEE-WEWE

, Plaintiff

vs.

DANIEL FRAINEY AND JAMES RIVER INSURANCE COMPANY,

, Defendant

TO:   JAMES RIVER INSURANCE COMPANY PO BOX 27648 RICHMOND VA 23261-7648
      **BY SERVING THROUGH THE COMMISSIONER OF OF THE TEXAS**
      **DEPARMENT OF INSURANCE**
      **333 GUADALUPE**
      **AUSTIN, TEXAS 78701**

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY of the PLAINTIFF
in the above styled and numbered cause, which was filed on AUGUST 19,2016 , in the 126TH JUDICIAL
DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, August 22, 2016.

REQUESTED BY: NEIL SOLOMON
8834 NORTH CAPITAL OF TEXAS HIGHWAY ,STE 304
AUSTIN, TX 78759

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: VICTORIA BENAVIDES

-- -- -- -- -- -- -- -- R E T U R N -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____ , _____ at _____ o'clock _____ M., and executed at
_____ within the County of _____ on the
_____ day of _____ , _____ at _____ o'clock _____ M. by delivering to the within named
_____ , each in
person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION & REUQEST FOR
DISCOVERYaccompanying pleading, having first attached such
copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

SEE ATTACHED

Service Fee: $ 197.50

Sworn to and subscribed before me this the

_____ day of _____ , _____ .

_____
Sheriff / Constable / Authorized Person

By: _____

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-16-003892                    SERVICE FEE NOT PAID                    P12 - 000000987

☐ Original      ☐ Service Copy

# AFFIDAVIT OF SERVICE

**State of Texas**                          **County of Travis**                          **126th Judicial District Court**

Case Number: D-1-GN-16-003892

Plaintiff:
**Robin Woodmansee-Wewe**

vs.

Defendant:
**Daniel Frainey and James River Insurance Company**

For:
Zinda Law Group, PLLC
834 North Capital of Texas Highway
Suite 304
Austin, TX 78759

Received by The Legal Connection, Inc. on the 23rd day of August, 2016 at 2:24 pm to be served on **James River Insurance Company by serving through the Commissioner of the Texas Department of Insurance, 333 Guadalupe, Austin, TX 78701.**

I, Mike Techow, being duly sworn, depose and say that on the **24th day of August, 2016 at 2:05 pm, I:**

served a **GOVERNMENT AGENCY** by delivering a true copy of the **Two Copies of Citation, Plaintiff's Original Petition and Request for Discovery, Plaintiff's First Discovery Requests to Defendant Daniel Frainey, Plaintiff's Discovery Requests to Defendant James River Insurance Company, and Civil Case Information Sheet with $50.00 Fee** with the date and hour of service endorsed thereon by me, to: **Micah Mireles, Texas Department Of Insurance** as **Authorized Agent** for James River Insurance Company by **serving through the Commissioner of the Texas Department of Insurance,** and informed said person of the contents therein, in compliance with State Statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was delivered. The facts stated in this affadavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 24th day
of August, 2016 by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

DANE R CUPPETT
My Commission Expires
December 8, 2017

**Mike Techow**
SCH-1215, Exp. 7/31/17

**The Legal Connection, Inc.**
**7103 Oak Meadow**
**Suite A**
**Austin, TX 78736**
**(512) 892-5700**

Our Job Serial Number: MST-2016006250
Ref: Zinda - Woodmansee-Wewe

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1e

# Exhibit A-6

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-16-003892**

9/1/2016 8:48:12 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-16-003892**
**Irene Silva**

ROBIN WOODMANSEE-WEWE

        , Plaintiff

      vs.

DANIEL FRAINEY AND JAMES RIVER INSURANCE COMPANY,

        , Defendant

TO:    DANIEL FRAINEY 21358 BROWN DR. FRANKFORT IL, 60423
       BY SERVING THROUGH THE CHAIRMAN,TRYON D.LEWIS
       OF THE TEXAS TRANSPORTATION COMMISSION
       125 EAST 11TH ST
       AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY of the PLAINTIFF in the above styled and numbered cause, which was filed on AUGUST 19,2016 , in the 126TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, August 22, 2016.

REQUESTED BY:
NEIL PATRICK SOLOMON
8834 N. CAPITAL OF TEXAS HIGHWAY
SUITE 304
AUSTIN, TX 78759
BUSINESS PHONE:(512)246-2224   FAX:(512)369-6961

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: VICTORIA BENAVIDES

-- -- -- -- -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- -- --

Came to hand on the _____ day of _____, _____, at _____ o'clock _____ M., and executed at _____ within the County of _____ on the _____ day of _____, _____ at _____ o'clock _____ M. by delivering to the within named _____ , each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ 153.25

Sworn to and subscribed before me the _____ the

_____ day of _____, _____,

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: _____

Printed Name of Server

_____ , County, Texas

D-1-GN-16-003892          SERVICE FEE NOT PAID        P12 - 000000988

☐ Original    ☐ Service Copy

## AFFIDAVIT OF SERVICE

State of Texas                    County of Travis                    126th Judicial District Court

Case Number: D-1-GN-16-003892

Plaintiff:
**Robin Woodmansee-Wewe**

vs.

Defendant:
**Daniel Frainey and James River Insurance Company**

For:
Zinda Law Group, PLLC
834 North Capital of Texas Highway
Suite 304
Austin, TX 78759

Received by The Legal Connection, Inc. on the 23rd day of August, 2016 at 2:24 pm to be served on **Daniel Frainey by serving through the Chairman, Tryon D. Lewis, of the Texas Transportation Commission, 125 E. 11th Street, Austin, TX 78701**.

I, Mike Techow, being duly sworn, depose and say that on the 24th day of August, 2016 at 3:16 pm, I:

served a **GOVERNMENT AGENCY** by delivering a true copy of the **Two Copies of Citation, Plaintiff's Original Petition and Request for Discovery, Plaintiff's First Discovery Requests to Defendant Daniel Frainey, Plaintiff's Discovery Requests to Defendant James River Insurance Company, and Civil Case Information Sheet with $25.00 Fee** with the date and hour of service endorsed thereon by me, to: **Katherine Dulany as Authorized Agent for Daniel Frainey by serving through the Chairman, Tryon D. Lewis, of the Texas Transportation Commission**, and informed said person of the contents therein, in compliance with State Statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was delivered. The facts stated in this affidavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 25th day
of August, 2016 by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

DANE R CUPPETT
My Commission Expires
December 8, 2017

_____
**Mike Techow**
SCH-1215, Exp. 7/31/17

The Legal Connection, Inc.
7103 Oak Meadow
Suite A
Austin, TX 78736
(512) 892-5700

Our Job Serial Number: MST-2016006251
Ref: Zinda - Woodmansee-Wewe

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1e

# Exhibit A-7



# Velva L. Price
## District Clerk, Travis County
### P. O. Box 679003
### Austin, Tx  78767

## 2nd NOTICE – INVOICE FOR UNPAID COURT COSTS

September 06, 2016

SOLOMON NEIL PATRICK
8834 N. CAPITAL OF TEXAS HIGHWAY
SUITE 304
AUSTIN, TX 78759

Cause Number: D-1-GN-16-003892

ROBIN WOODMANSEE-WEWE

VS

DANIEL FRAINEY AND JAMES RIVER

**A REQUEST FOR (2) INSURANCE COMMISSIONER CITATIONS WAS SUBMITTED ON AUGUST 19, 2016.THE E-FILE ENVELOPE THAT WAS ACCEPTED DID NOT CONTAIN THE CORRECT ISSUANCE FEE.**

**Total Amount Due for Filing: $8.00 (PL1)**

Please direct your payment to the attention of the undersigned, **"Court Costs, Fines, or Fees are due to the Travis County District Clerk no later than 10 business days from the date of this "Bill of Costs".**

***You can now pay your bill ONLINE***
Visit https://www.traviscountytx.gov/district-clerk and click on **Online Payment**

If you have any questions, or need further assistance, please contact the District Clerk's office.

Thank you,

Cristina Matei

Type/Form Number - B14 - 000000681

# Exhibit A-8

9/8/2016 4:27:17 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-003892
Irene Silva

## CASE NO. D-1-GN-16-003892

| | | |
|---|---|---|
| ROBIN WOODMANSEE-WEWE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| DANIEL FRAINEY and JAMES | § | |
| RIVER INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | 126th JUDICIAL DISTRICT |

## DEFENDANT JAMES RIVER INSURANCE COMPANY'S ORIGNAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant James River Insurance Company, ("Defendant"), and file this it's Original Answer to Plaintiff's Original Petition and would respectfully show the Court as follows:

### I.

Defendant denies all and singular the allegations contained in Plaintiff's Original Petition, demands strict proof thereof, and says that this is a matter for jury decision.

### II.

1.     Defendant specifically denies that it failed to perform any contractual obligations under the subject insurance policy issued to Rasier LLC.

2.     The James River Policy provides:

> We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury" sustained by an "insured" or "property damage" caused by an "accident". The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle."

---

**DEFENDANT JAMES RIVER INSURANCE COMPANY'S ORIGNAL ANSWER -**          **Page 1**

Plaintiff has failed to establish compliance with this provision and/or condition of the policy.

3.      Defendant denies that Plaintiff complied with all conditions precedent to coverage under the subject insurance policy, including that Plaintiff has failed to present and prove a covered claim under the subject policy, in that Plaintiff has failed to establish that she is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury" sustained by an "insured", or "property damage" caused by an "accident" to which the insurance applies.

4.      Defendant further alleges that the subject insurance policy is subject to and limited by all of its terms, conditions and exclusions. There may be other terms, conditions and exclusions that operate to bar or limit coverage for some or all of the amounts for which Plaintiff seeks recovery of which Defendant is presently unaware. Defendant specifically reserves the right to rely on other policy terms, conditions and exclusions as defenses to Plaintiff's claims as appropriate.

5.      Any recovery by Plaintiff must be offset against: (a) all amounts paid by, recovered from, or recoverable from other insurers or third parties who may be responsible for Plaintiff's alleged damages; and (b) all amounts paid under the uninsured motorist provisions, or any other provisions, of the subject insurance policy.

6.      Defendant invokes the proportionate responsibility provisions of the Texas Civil Practices and Remedies Code and specifically requests that the proportionate responsibility of Plaintiff and other responsible parties be determined by the jury and further alleges that Plaintiff's claims are barred by any fault attributable to Plaintiff and other responsible parties. In

the alternative, Defendant seeks a reduction of any damages that may be awarded against it by the percentage of responsibility found by the jury as to Plaintiff and other parties.

7.      Defendant invokes Section 41.005 of the Texas Civil Practice & Remedies Code. To the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8.      Defendant invokes Section 18.091 of the Texas Rules of Civil Practice & Remedies Code.  To the extent that Plaintiff is seeking recovery of loss earnings, lost income, lost profits, lost wages, loss of earning capacity, and/or loss of contribution of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments or unpaid tax liability to any federal income tax law. Defendant further asserts the protections contained in Section 18.091 of the Texas Civil Practice & Remedies Code.

9.      Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives notice to all parties that it intends to use all documents produced in response to written discovery in any pre-trial hearing and at trial.

WHEREFORE, PREMISES CONSIDERED, Defendant James River Insurance Company respectfully requests that Plaintiff take nothing and for such other and further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Greg K. Winslett*
GREG K. WINSLETT
State Bar No. 21781900
W. EDWARD CARLTON
State Bar No. 03820050

QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)
gwinslett@qslwm.com
ecarlton@qslwm.com

**ATTORNEYS FOR DEFENDANT
JAMES RIVERS INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I certify that on the 8th day of September, 2016, a true and correct copy of the foregoing was served on all counsel of record pursuant to the Texas Rules of Civil Procedure.

*/s/ Greg K. Winslett*
GREG K. WINSLETT

# Exhibit A-9

9/15/2016 11:00:46 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-003892
Terri Juarez

**CAUSE NO. D-1-GN-16-003892**

| | | |
|---|---|---|
| ROBIN WOODMANSEE-WEWE | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| DANIEL FRAINEY AND JAMES | § | |
| RIVER INSURANCE COMPANY | § | 126TH JUDICIAL DISTRICT |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Daniel Frainey,  Defendant in the above-styled and numbered cause of action, and files this Answer to Plaintiff's Original Petition and would respectfully show the Court the following:

I.

Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and request that Plaintiff be required to prove her charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

II.
### JURY DEMAND

Defendant respectfully demands a trial by jury in accordance with Rule 216 of the Texas Rules of Civil Procedure.

III.

Pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code, recovery of medical expenses is limited to the amount actually paid or incurred by or on behalf of the claimant. Plaintiff should not be allowed to submit any medical bills in excess of the "actually paid or incurred" amounts.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take NOTHING by reason of her suit and that the Defendant recover judgment against Plaintiff for a sum within the

4814-3432-2488.1

jurisdictional limits of this Court to compensate Defendant for all court costs, together with such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_/s/ David A. Oubre_

**DAVID A. OUBRE**
Texas Bar No.: 00784704
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
David.Oubre@lewisbrisbois.com

**ATTORNEY FOR DEFENDANT,
DANIEL FRAINEY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer has been served on counsel of record by electronic filing on this the 15th day of September, 2016.

_Attorneys for Plaintiff_
John C. (Jack) Zinda
Joseph Caputo
S. Burgess Williams
Neil Solomon
Zinda Law Group, PLLC
8834 North Capital of Texas Highway, Suite 304
Austin, TX 78759
(512) 246-2224 phone
(512) 369-6961 fax
service@hzfirm.com

_/s/ David A. Oubre_

**DAVID A. OUBRE**

4814-3432-2488.1

# Exhibit A-10

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **ROBIN WOODMANSEE-WEWE,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 16-1093** |
| | § | |
| **DANIEL FRAINEY and JAMES** | § | |
| **RIVER INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT DANIEL FRAINEY'S CONSENT TO REMOVAL

Defendant Daniel Frainey consents to the removal of the action styled *Robin Woodmansee-Wewe v. Daniel Frainey and James River Insurance Company,* where it was assigned Cause No. D-1-GN-16-003892, from the 126th Judicial District Court of Travis County, Texas, to this Court.

Respectfully submitted,

_/s/ David A. Oubre_
David A. Oubre
State Bar No. 00784704
LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 (Telephone)
(713)759-6830 (Facsimile)
david.oubre@lewisbrisbois.com

**ATTORNEYS FOR DEFENDANT
DANIEL FRAINEY**